# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FREDERICK LUCERO,

     Plaintiff,

v.                                               No. 2:22-cv-00299-KWR-JHR

9TH JUDICIAL DISTRICT COURT, *et al*,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Frederick Lucero's Prisoner Civil Rights Complaint (Doc. 1) (Complaint). Also before the Court is his Motion to Proceed *In Forma Pauperis* (Doc. 2) (Motion). Plaintiff is incarcerated and proceeding *pro se*. He seeks damages under 42 U.S.C. § 1983 based on his state conviction and incarceration. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will grant the Motion but dismiss the civil Complaint with prejudice.

## BACKGROUND[1]

Plaintiff is incarcerated at the Curry County Detention Center. In 2017, a jury convicted him of possessing methamphetamine (Count 1); marijuana (Count 2); and drug paraphernalia (Count 3). *See* Verdicts in D-905-CR-2016-444. The State Court (Hon. Matthew Chandler) initially sentenced him to four years on Count 1; fifteen days on Count 2; and three hundred and sixty-four days on Count 3. *See* Judgment in D-905-CR-2016-444. The sentences associated with

---

[1] The background facts are taken from the Complaint (Doc. 1), the state criminal filings attached thereto, and the state criminal docket. The state docket is subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records"); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Federal courts may take "judicial notice of the state-court docket sheet").

Counts 2 and 3 were fully suspended.  *Id.*

The New Mexico Court of Appeals (NMCA) affirmed the convictions for methamphetamine and paraphernalia (Counts 1 and 3) but remanded the matter to vacate the marijuana conviction (Count 2).  *See State v. Lucero,* 2019 WL 13155915, at *2 (N.M. Ct. App. 2019).  On September 2, 2020, the State Court filed an Amended Judgment vacating Count 2 and resentencing Plaintiff.  *See* Amended Judgment in D-905-CR-2016-444.  The state docket reflects Plaintiff was released and rearrested on probation violations several times between 2020 and 2022. *See* Docket Sheet in D-905-CR-2016-444.  The State Court entered its most recent order revoking probation on April 19, 2022.  *See* Order on Motion to Revoke Probation in D-905-CR-2016-444.

Plaintiff filed the instant Civil Rights Complaint three days later, on April 21, 2022.  He raises a claim for "wrongful incarceration," which "deprived [him] of [his] freedom."  *See* Doc. 1 at 4.  Plaintiff contends the wrongful incarceration began in 2016.  *Id.* at 5.  He alleges Judge Chandler "denied [his] motion to suppress and sentenced [him] for things over-turned by the New Mexico Supreme Court."  *Id.*  The Complaint attaches the Amended Judgment, the Order Revoking Probation, and a brief associated with the direct appeal.  Plaintiff seeks at least $1 million for wrongful incarceration from: (1) State of New Mexico; (2) New Mexico's Ninth Judicial District Court; (3) Judge Chandler; (4) the City of Clovis; and (5) the Clovis Police Department.  *Id.* at 2-3, 5.  Plaintiff filed a Motion to Proceed *In Forma Pauperis*, which reflects he cannot afford to prepay the $402 civil filing fee.  *See* Doc. 2; 28 U.S.C. § 1915.  The Court will therefore grant the Motion and screen the Complaint.

### STANDARDS GOVERNING INITIAL REVIEW

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints.  The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e).  The Court may also

dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.*  However, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110.  The Court cannot "supply additional facts, [or] construct a legal theory for [the plaintiff] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

## DISCUSSION

Plaintiff's claims are analyzed under 42 U.S.C. § 1983, the "remedial vehicle for [addressing the] violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the

constitutional violation.  *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The only Defendant personally involved in the alleged wrongdoing is Judge Chandler, who imposed the criminal judgment and revoked probation.  Any claims against Judge Chandler fail as a matter of law.  "Except where a judge has acted in the clear absence of all jurisdiction, the doctrine of judicial immunity shields that judge from liability" for all actions performed in the judicial capacity.  *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002).  "[I]mmunity applies even when the judge is accused of acting maliciously…."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  Judge Chandler, a District Judge, clearly has jurisdiction to impose a sentence in New Mexico's Ninth Judicial District Court.  Moreover, Plaintiff's own exhibits controvert his allegation that Judge Chandler "sentenced [Plaintiff] for things over-turned by" the state appellate courts.  *See* Doc. 1 at 5.  The NMCA only overturned the marijuana conviction, and Judge Chandler entered an Amended Judgment acknowledging that ruling and vacating Count 2.  *Id.* at 13.  The Complaint therefore fails to state a § 1983 claim against Judge Chandler, who was personally involved, or any other Defendant.

Alternatively, the requested relief is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994).  *Heck* mandates dismissal of any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing conviction or sentence.  *Id.* at 487.  The state docket reflects the Amended Judgment has not been set aside, and Plaintiff's methamphetamine and paraphernalia convictions remain in effect.  *See* Docket Sheet in D-905-CR-2016-444.  Awarding damages based on wrongful incarceration and/or the failure to suppress evidence would necessary imply those convictions are invalid.  *See Alemar v. Raemisch,* 762 Fed. App'x 544, 547 (10th Cir. 2019) ("damages claim for [plaintiff's] alleged wrongful incarceration necessarily implies that his conviction and sentence are invalid" for purposes of *Heck*); *McNally v.*

*Colorado State Patrol*, 13 Fed. App'x. 806, 808 (10th Cir. 2001) (*Heck* precludes false imprisonment claims where the prisoner is confined pursuant to a lawful conviction); *Jackson v. Loftis,* 189 Fed. App'x. 775, 779 n. 1 (10th Cir. 2006) (*Hecks* bars claim that "arrest was improper because [plaintiff] had not committed the alleged offenses"). The Complaint is therefore subject to dismissal under *Heck*.

Having determined the Complaint must be dismissed, the Court will consider whether to *sua sponte* invite Plaintiff to amend the pleading. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* prisoners should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts need not invite an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). As a matter of law, Plaintiff cannot recover damages based on his state criminal conviction. The Court therefore declines to *sua sponte* order an amendment and will dismiss the civil Complaint with prejudice. If Plaintiff seeks a release from custody based on wrongful incarceration or other constitutional violations, he must file a 28 U.S.C. § 2254 habeas petition. The Court will direct the Clerk's Office to mail Plaintiff a form § 2254 petition.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis* (**Doc. 2**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e); the Clerk's Office **SHALL MAIL** Plaintiff a form § 2254 habeas petition; and the Court will enter a separate judgment closing the civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**